**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
CHIEF JUDGE WILEY Y. DANIEL**

| | | | |
|---|---|---|---|
| Date: | February 3, 2011 | Probation: | Caryl Ricca |
| Courtroom Deputy: | Robert R. Keech | Interpreter: | N/A |
| E.C.R./Reporter: | Therese Lindblom | | |

Criminal Case No:   **08-cr-00061-WYD and
08-cr-00338-WYD**

Counsel:

UNITED STATES OF AMERICA,                         Joseph Mackey

       Plaintiff,

v.

**1.  KAREEM LONNEY ANDERSON**,                Warren R. Williamson

       Defendant.

**SENTENCING**

**2:42 p.m.**   Court in Session - Defendant present (in-custody)

**Change of Plea Hearing - March 6, 2008, at 4:00 p.m.
Plea of Guilty - count one of Information in 08-cr-00061-WYD and
count one of Indictment in 08-cr-00338-WYD.**

APPEARANCES OF COUNSEL.

Court's opening remarks.

2:42 p.m.   Statement on behalf of Probation (Ms. Ricca).

2:43 p.m.   Statement on behalf of Government (Mr. Mackey).

2:50 p.m.   Statement on behalf of Defendant (Mr. Williamson).

2:56 p.m.   Statement by Defendant on his own behalf (Mr. Anderson).

-1-

        Court makes findings.

**ORDERED:** Government's Motion for Downward Departure Pursuant to 5K1.1 in 08-cr-00338-WYD (doc. #60), filed January 3, 2011, is **GRANTED.**

**ORDERED:** Defendant be **imprisoned** for **28** months on each count, to run concurrently. The sentence shall be served concurrently with the undischarged term of imprisonment in Denver County District Court, Docket No. 2008CR3760.

**Court RECOMMENDS that the Bureau of Prisons designate the Colorado Department of Corrections for service of the federal sentence.**

**ORDERED:** Upon release from imprisonment, defendant shall be placed on **supervised release** for a period of **3** years in 08-cr-00061-WYD and **5** years in 08-cr-00338-WYD, to run concurrently.

**ORDERED:** **Conditions** of **Supervised Release** are:

(X)    Within 72 hours of release from the custody of the Bureau of Prisons, defendant shall report in person to the probation office in the district to which the defendant is released.

(X)    Defendant shall not commit another federal, state or local crime.

(X)    Defendant shall not possess a firearm as defined in 18 U.S.C. § 921.

(X)    Defendant shall comply with standard conditions adopted by the Court.

(X)    Defendant shall not unlawfully possess a controlled substance.

(X)    The Defendant shall refrain from the unlawful use of a controlled substance and submit to one drug test within 15 days of release on supervised release and two periodic drug tests thereafter for use of a controlled substance.

(X)    The defendant shall cooperate in the collection of D.N.A. as directed by the probation officer.

**ORDERED:**	**Special Condition(s)** of **Supervised Release** are:

(X)	The defendant shall participate in and successfully complete a program of testing and treatment for substance abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer.  The defendant shall abstain from the use of alcohol or other intoxicants during the course of treatment and shall pay the cost of treatment as directed by the probation officer.

(X)	The defendant shall participate in and successfully complete a program of mental health treatment, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer.  The defendant shall pay the cost of treatment as directed by the probation officer.  The Court authorizes the probation officer to release to the treatment agency all psychological reports and/or the presentence report for continuity of treatment.

(X)	The defendant shall remain medication compliant and shall take all medications that are prescribed by his treating psychiatrist.  The defendant shall cooperate with random blood tests as requested by his treating psychiatrist and/or supervising probation officer to ensure that a therapeutic level of his prescribed medications is maintained.

(X)	The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with the periodic payment obligations imposed pursuant to the Court's judgment and sentence.

(X)	As directed by the probation officer, the defendant shall apply any monies received from income tax refunds, lottery winnings, inheritances, judgments, and any anticipated or unexpected financial gains to the outstanding court ordered financial obligation in this case.

**ORDERED:**	Defendant shall pay **$200.00 ($100.00 in 08-cr-00061-WYD and $100.00 in 08-cr-00338-WYD)** to **Crime Victim Fund** (Special Assessment) to be paid immediately.

**ORDERED:**	**No fine** is imposed because defendant has no ability to pay a fine, cost of incarceration or supervision.

**ORDERED:** Regarding Docket No. 08-cr-00338-WYD-01, the defendant shall pay $24,621.15 restitution to Vectra Bank. The Court waives the interest requirement for the restitution. Restitution shall be paid jointly and severally with MIGUEL SANDERS, 08-cr-00165-WYD-03. Restitution is due and payable immediately, with any unpaid balance upon release from incarceration to be paid in monthly installments during the term of supervised release. The monthly installment payment shall be calculated as at least 10 percent of the defendant's gross monthly wages.

**ORDERED:** Defendant advised of right to appeal the sentence imposed by the Court. Any notice of appeal must be filed within fourteen (14) days. Defendant advised of right to appeal in forma pauperis.

**ORDERED:** Defendant is **REMANDED** to the custody of the U.S. Marshal.

**ORDERED:** Government's Motion to Dismiss Counts Two Through Four of the Indictment in 08-cr-00338-WYD (doc. #52), filed December 2, 2010, is **GRANTED.**

Order is **APPROVED BY THE COURT.**

**ORDERED:** Defendant is **REMANDED** to the custody of the U.S. Marshal.

**3:14 p.m.** Court in Recess - HEARING CONCLUDED

**TOTAL TIME:   :32**